UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-10017-CR-KING

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ALEXIS DE LA CRUZ SUAREZ,

    Defendant.
_____/

**DEFENDANT'S MOTION *IN LIMINE***

    Defendant Alexis De La Cruz Suarez, through counsel and pursuant to the Sixth Amendment to the United States Constitution, respectfully moves *in limine* for the exclusion of the testimony in the government's case in chief of a potential government witness, and as grounds therefor says:

    1.    Defendant is charged with multiple counts of alien smuggling in violation of 8 U.S.C. § 1324(a)(1)(A)(iv). This matter is scheduled for trial during this Court's two week Key West calendar beginning on Monday, July 20, 2009.

    2.    Defendant believes that the government intends to call a witness by the name of Augusto Sanchez as part of its case. Mr. Sanchez is the midst of service of an extended term of incarceration. Mr. Sanchez has also entered into a cooperation agreement with the government and will be testifying on the government's behalf pursuant to this agreement.

    3.    Mr. Sanchez was not involved in any way with the facts and circumstances which surround Defendant's case; however, Mr. Sanchez was placed in Defendant's cell for

a period of time while Defendant was incarcerated at the Federal Detention Center in Miami. Mr. Sanchez, as an agent for the government by virtue of his cooperation agreement, questioned Defendant and, Defendant believes, reviewed Defendant's legal materials. Defendant believes that Mr. Sanchez will be called as a government witness to testify about what he learned while he and the Defendant were cell mates.

4. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall ... have the assistance of counsel for his defense."

> The core of this right has historically been, and remains today, "the opportunity for a defendant to consult with an attorney and to have him investigate the case and prepare a defense for trial." *Michigan v. Harvey*, 494 U.S. 344, 348 (1990). We have held, however, that the right extends to having counsel present at various pretrial "critical" interactions between the defendant and the State, *United States v. Wade*, 388 U.S. 218, 224 (1967), including the deliberate elicitation by law enforcement officers (and their agents) of statements pertaining to the charge. *Massiah v. United States*, 377 U.S. 201, 206 (1964).

*Kansas v. Ventris*, __ U.S. __, 129 S. Ct. 1841 (2009).

In *Ventris*, an informant was planted in the defendant's holding cell and instructed to listen for incriminating statements. The informant questioned defendant who admitted to the informant that he committed the offenses of which he was accused. The Supreme Court determined that the informant was precluded from testifying in the government's case in chief since this statements elicited by the informant were obtained in violation of the defendant's Sixth Amendment rights; however, the informant was permitted to testify to rebut the defendant's testimony that someone other than the defendant had committed the offenses. The *Ventris* court noted: "... we conclude that the *Massiah* right is a right to be free

of uncounseled interrogation, and is infringed at the time of the interrogation. That, we think, is when the "Assistance of Counsel" is denied. *Ventris* at 1846.

5. Defendant respectfully requests that the testimony of Augusto Sanchez be excluded from the government's case in chief since the informant's knowledge of Defendant's case is based upon a violation of Defendant's Sixth Amendments rights. Defendant acknowledges, based upon the *Ventris* opinion, but does not concede that Mr. Sanchez potentially could testify as part of the government's rebuttal case if Defendant elects to testify.

Accordingly, Defendant respectfully requests that the testimony of Augusto Sanchez be excluded from the trial of this case for the reasons cited herein.

                KATHLEEN M. WILLIAMS
                FEDERAL PUBLIC DEFENDER

By:   /S/ STEWART G. ABRAMS
       Assistant Federal Public Defender
       Florida Bar No.: 0371076
       150 W. Flagler Street, Suite 1500
       Miami, Florida 33130-1556
       (305) 536-6900, Ext. 266
       (305) 530-7120, Fax
       E-mail:stewart_abrams@FD.org

**CERTIFICATE OF SERVICE**

**I HEREBY certify that on June 30, 2009**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                              */s/ Stewart G. Abrams*

## SERVICE LIST
## United States v. Alexis De La Cruz Suarez
## Case No.: 08-10017-Cr-King
## United States District Court, Southern District of Florida

Stewart G. Abrams, AFPD
E-mail:stewart_abrams@FD.org
Federal Public Defender's Office
150 W. Flagler Street, Suite 1500
Miami, Florida 33130-1556
(305) 536-6900, Ext. 266
(305) 530-7120, Fax
Attorney for the Defendant
Via: CM/ECF


A. Cristina Perez Soto, AUSA
E-mail: christina.soto@usdoj.gov
United States Attorney's Office
99 NE Fourth Street
Miami, Florida   33132
Tel: (305) 961-9122
Fax: (305) 530-7976
Attorney for the government
Via: CM/ECF