**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. **08-10017-CR-KING**

UNITED STATES OF AMERICA

vs.

ALEXIS DE LA CRUZ SUAREZ,

      Defendant.
_____/

**UNITED STATES' NOTICE OF INTENT TO ADMIT EVIDENCE AS INEXTRICABLY INTERTWINED AND/OR UNDER FEDERAL RULE OF EVIDENCE 404(b)**

COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorney, and gives notice of its intent to introduce evidence of defendant Alexis De La Cruz Suarez's prior bad acts – a conviction for violations of Title 8, United States Code, Section 1324. In support, the Government states as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

The defendant is currently charged with 18 counts of encouraging and inducing aliens to come to, enter and reside in the United States, knowing or in reckless disregard of the fact that such coming to, entry and residence is and would be in violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv). (Docket Entry No. 1.) This matter is currently scheduled for trial on July 20, 2009 in Key West, Florida.

The defendant was convicted of conspiracy to commit alien smuggling in *United States v. Ramon Barrabi-Puentes, Jose Vazquez, Sandra Veloz, Alexis de la Cruz Suarez, Edelsis Lozano and FNU Otero,* 07-10019-CR-King(s). A jury verdict returned in that case against De La Cruz Suarez found him guilty of (1) conspiracy to encourage and induce an alien to come to, enter, and reside

in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence is and would be in violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv) and (2) knowing that a person is an alien, conspiring to bring to the United States in any manner whatsoever such person at a place other than a designated port of entry and place other than as designated by the Commissioner, regardless of whether such alien has received prior official authorization to come to, enter and reside in the United States and regardless of any future official action which may be taken with respect to such alien, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(I).  (Docket Entry No. 465 in 07-10019-CR-King(s) at 1).[1]  The jury verdict was returned on February 1, 2008.

The underlying facts of that case was that the defendant, along with his co-conspirators, participated in a conspiracy to commit alien smuggling offenses between June 30, 2005 and March 30, 2007.  (Docket Entry No. 377 in 07-10019-CR-King(s).)  As part of the overt acts charged in the conspiracy, de la Cruz Suarez was described as transporting 34 Cuban nationals on the high seas on February 21, 2007.  *Id.* at 3.)  The jury found de la Cruz Suarez guilty of the conspiracy charge.

The events surrounding the current Indictment before the Court occurred on or about March 18, 2008.  At that time, the defendant was out on bond pending sentencing in the 2007 case.

On March 18, 2008, the defendant was interdicted by the United States Coast Guard with eighteen Cuban nationals on board a vessel headed towards the United States.  On April 25, 2008, a grand jury sitting in the Southern District of Florida returned an eighteen-count Indictment against the defendant. (Docket Entry No. 1.)  Defendant was arraigned on May 12, 2009 (Docket Entry No.

---

[1] Defendant was acquitted of conspiracy to commit alien smuggling for profit and three counts of encouraging and inducing particular aliens. (Docket Entry No. 465 in 07-10019-CR-King(s) at 1-2.)

9.) On May 29, 2008, the United States filed its First Response to the Standing Discovery Order which, among other things, stated the United States' intention to introduce evidence of defendant's previous conviction for alien smuggling as part of its case-in-chief. (Docket Entry No. 16 at 2-3.)

The defendant sought, and was granted, permission to take depositions in Cuba of certain Cuban nationals involved in the March 18, 2008 smuggling attempt. The proffered reason for the depositions was that the aliens would state that defendant had actually rescued them from the Cay Sal Bank, and did not intend to take them to the United States. Three of the four depositions taken were of defendant de la Cruz Suarez's family.

## ARGUMENT

In the Eleventh Circuit, evidence is admissible as intrinsic to the charged offense if it inextricably intertwined or necessary to complete the story:

> Evidence of criminal activity other than the charged offense is not considered extrinsic within the proscription of Rule 404(b) of the Federal Rules of Evidence if it is an uncharged offense which arose our of the same transactions as the charged offense, *United States v. Kloock*, 652 F.2d 492, 494 (5th Cir. 1981), if it was inextricably intertwined with the evidence regarding the charged offense, *United States v. Killian*, 639 F.2d 206, 211 (5th Cir. 1981), *cert. denied*, 451 U.S. 1021 (1981) or if it is necessary to complete the story of the crime of the trial, *United States v. Wilson*, 578 F.2d 67, 73-73 (5th Cir. 1978).

*United States v. Weeks*, 716 F.2d 830, 832 (11th Cir. 1983).

Evidence regarding the prior alien smuggling venture is essential to complete the story of the charged offense. The defendant was on bond at the time the second alien smuggling offense was committed. Therefore, the second alien smuggling venture, committed while the defendant was on bond is linked in time and circumstance to the crime charged and is necessary to complete the story of the crime for the jury. *See United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998).

Therefore, the Court need not conduct a Rule 404(b) analysis. *United States v. Williford*, 764 F.3d 1493, 1499 (11th Cir. 1985).

In the alternative, if the Court concludes that the government's evidence is extrinsic to the charged offense, the evidence is admissible under Federal Rule of Evidence 404(b). Extrinsic evidence of a bad act is admissible if (1) the act is relevant to an issue other than character, (2) the jury could find that the defendant committed the bad act, and (3) the probative value of the act is not substantially outweighed by its prejudicial effect. *See United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007)(internal citations omitted).

Evidence of defendant's previous conviction is not presented as evidence of bad character. Instead, the evidence demonstrates the defendant's intent, experience, knowledge and skill in committing alien smuggling. The jury will be able to determine that the defendant committed the prior alien smuggling venture from evidence presented to them in the Government's case-in-chief. Finally, the probative value of the evidence – namely, the defendant's knowledge, experience and skill in commanding alien smuggling vessels – is not outweighed by the danger of unfair prejudice.

Evidence of prior alien smuggling activities is admissible under Rule 404(b) to demonstrate a defendant's intent. *See United States v. Amati*, 273 F. App'x 790, 791 (11th Cir. 2008); *United States v. Perez*, 443 F.3d 772, 779-80 (11th Cir. 2006).

As to the possibility of unfair prejudice, the Eleventh Circuit has explained:

Whether the probative value of Rule 404(b) evidence outweighs its prejudicial effect depends upon the circumstances of the extrinsic offense. Factors to be considered include the strength of the Government's case on the issue of intent, the overall similarity of the extrinsic and charged offenses, the amount of time separating the extrinsic and charged offenses and whether it appeared at the commencement of trial that the defendant would contest the issue of intent.

*United States v. Dorsey*, 819 F.2d 1055, 1061 (11th Cir. 1987).  Moreover, the balance of whether the probative value outweighs unfair prejudice should be struck in favor of admissibility.  *See United States v. Simpkins*, 240 F. App'x 334 (11th Cir. 2007) (citing *United States v. Fallen*, 256 F.3d 1082, 1091 (11th Cir.2001)).  A district court may limit the prejudicial value of evidence by giving a limiting instruction to the jury.  *See United States v. Hernandez*, 896 F.2d 513, 523 (11th Cir.1990).

As to the similarity of the charged offense and the defendants' other conduct, "when other crimes evidence goes to intent rather than identity, a lesser degree of similarity between the charged crime and the uncharged crime is required." *United States v. Delgado*, 56 F.3d 1357, 1366 (11th Cir. 1995).  Indeed, "[w]hile the strength of the government's case regarding intent is important in comparing probative value and prejudice, '[t]he greater the government's need for evidence of intent, the more likely that the probative value will outweigh any possible prejudice.'" *Id.* (citations omitted).

It should be noted that the crimes are extremely similar.  Defendant's part in the earlier conspiracy was being a boat captain for an alien smuggling organization.  In March 2008, he was the boat captain in another attempted smuggle.  The Government expects the defendant to argue that he did not intend to smuggle the Cuban nationals on the second venture, merely to rescue them.  The Government's case will be strengthened by introducing the evidence of the prior alien smuggling venture to show that the defendant knew how to captain a vessel and successfully bring aliens from Cuba to the United States.

**CONCLUSION**

For the reasons stated above, the United States respectfully requests that it be allowed to introduce evidence of defendant's past alien smuggling activity in its case-in-chief.

Respectfully submitted,

JEFFREY H. SLOMAN
ACTING UNITED STATES ATTORNEY

By: /s Cristina Pérez Soto
A. CRISTINA PEREZ SOTO
Assistant United States Attorney
District Court No. A5501166
99 N.E. 4th Street, 6th Floor
Miami, Florida 33132-2111
Tel: (305) 961-9122
Fax: (305) 530-7976
Cristina.Soto@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on July 5, 2009.

s/ Cristina Pérez Soto
Cristina Pérez Soto
Assistant United States Attorney