UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  08-10017-Cr-KING

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ALEXIS DE LA CRUZ SUAREZ,

        Defendant.
_____/

### DEFENDANT'S RESPONSE TO UNITED STATES' NOTICE OF INTENT TO ADMIT 404(b) EVIDENCE

Defendant Defendant Alexis De La Cruz Suarez, through counsel, respectfully responds to the Government's Notice of Intent to Admit Evidence as Inextricably Intertwined and/or Under Federal Rule of Evidence 404(b), which was filed on July 5, 2009, and says:

1. Defendant respectfully objects to the admission of evidence pertaining to Defendant's prior conviction under either theory raised by the government.  First, under the government's Inextricably Intertwined theory, the instant case is an alleged incident which is completely independent of the matter for which he was convicted previously.  There is no overlap of defendants, migrants or facts between the two cases.  The overlap, if any, is that Defendant was yet to be sentenced in the previous

case when the facts surrounding this case occurred. Consequently, utilizing the standard cited by the government in *United States v. Weeks,* 716 F.2d 830 (11th Cir. 1983), it is not an uncharged case which arose out of the same transaction as the charged offense; it was not inextricably intertwined with the evidence regarding the charged offense and is not necessary to complete the story of the instant case.

    2. Regarding admissibility pursuant to Fed.R.Evid. 404(b): To be admissible, extrinsic evidence must be (1) relevant to an issue other than the defendant's character, (2) the probative value must not be substantially outweighed by its prejudice, and (3) the government must offer sufficient proof so that the jury could find that the defendant committed the act. *United States v. Beechum*, 582 F.2d 898 (5th Cir. 1979). In determining whether the probative value of the extrinsic evidence outweighs the threat of unfair prejudice caused by the evidence, a court should consider (1) the differences between the charged and the extrinsic offenses, (2) the government's need for the extrinsic evidence, and (3) the temporal remoteness between the charged offense and the extrinsic offense. *United States v. Diaz-Lizaraza*, 981 F.2d 1216, 1225 (11th Cir. 1993).

    As the court noted in *Beechum*: It is true as well that the more closely the extrinsic offense resembles the charged offense, the greater the prejudice to the defendant. The likelihood that the jury will convict the defendant because he is the

kind of person who commits this particular type of crime or because he was not punished for the extrinsic offense increases with the likeness of the offense. *Beechum, supra* at 915, n. 20.

    3.   Defendant respectfully suggests that this Court reserve ruling on the government's request to use extrinsic evidence until it has had the opportunity to listen to the evidence in the case and then determine under the totality of the circumstance of the case, including the factors enumerated in *Weeks* and *Beechum* as well as the prejudice considerations of Fed.R.Evid. 403 whether this evidence should be admitted.  Defendant requests that the government be directed to make no mention of this evidence during their opening statement and then again bring this matter to this Court's attention if and when it seeks to admit this evidence.

                                              KATHLEEN M. WILLIAMS
                                              FEDERAL PUBLIC DEFENDER

                              By:   /S/ Stewart G. Abrams
                                    Stewart G. Abrams
                                    Assistant Federal Public Defender
                                    Florida Bar #0371076
                                    150 West Flagler Street, Suite 1500
                                    Miami, FL 33130-1556
                                    Tel: (305) 536-6900/Fax (305) 530-7120
                                    E-mail: stewart_abrams@fd.org

**CERTIFICATE OF SERVICE**

      I HEREBY certify that on July 19, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                      *s/ Stewart G. Abrams*

SERVICE LIST
United States v. Alexis de la Cruz Suarez
Case No.: 08-10017-Cr-KING
United States District Court, Southern District of Florida

Stewart G. Abrams, AFPD
E-mail:stewart_abrams@FD.org
Federal Public Defender's Office
150 W. Flagler Street, Suite 1500
Miami, Florida 33130-1556
(305) 536-6900, Ext. 266
(305) 530-7120, Fax
Attorney for the Defendant
Via: CM/ECF

**Adam Schwartz**
United States Attorney's Office
99 NE 4 Street
Miami , FL 33132
305-961-9284
Fax: 305-530-7976
Email: Adam.Schwartz@usdoj.gov
Via: CM/ECF

**Sivashree Sundaram**
United States Attorney's Office
99 NE 4 Street
Miami , FL 33132
(305) 961-9430
Fax: (305) 536-4699
Email: Sivashree.Sundaram2@usdoj.gov
Via: CM/ECF